UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATALIE ANNA FRANQUI,

    Plaintiff,

v.                                    Case No: 6:17-cv-375-Orl-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **OPINION AND ORDER**

Plaintiff, Natalie Anna Franqui, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for a period of disability and DIB on June 19, 2013, alleging an onset date of August 14, 2010. (Tr. 225-30, 327). Plaintiff's application was denied initially on September 10, 2013, and upon reconsideration on December 27, 2013. (Tr. 157-59, 165-69). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Bruce Landrum on September 16, 2015. (Tr. 32-75). On October 19, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 12-28). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on January 20, 2017. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on March 3, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2010, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff had the following severe impairments: joint disease, spine disorders, fibromyalgia, and systemic lupus erythematosus. (Tr. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals

the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently handle bilaterally, can occasionally stoop and climb ramps and stairs but can never kneel, crouch, crawl, or climb ladders and scaffolds. She can never be exposure to hazardous moving mechanical parts or unprotected heights, and must avoid concentrated exposure to extreme cold, vibration, humidity, and wetness. She can never operate a motor vehicle.

(Tr. 16). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as an accounting clerk, information clerk, and office manager, as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 20). The ALJ based this finding on the testimony of a vocational expert. (Tr. 21). The ALJ concluded that Plaintiff was not under a disability from August 14, 2010, the alleged onset date, through October 22, 2015, the date of the decision. (Tr. 21).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the Appeals Council erred by failing to apply the correct legal standards; (2) whether the ALJ erred by failing to apply the correct legal standards to the opinion of treating physician Dr. Grunbaum; and (3) whether the ALJ erred by failing to apply the correct legal standards to Plaintiff's testimony regarding her limitations. The Court will address each issue in turn.

**a) Whether the Appeals Council erred by failing to apply the correct legal standards.**

The record indicates that Plaintiff submitted to the Appeals Council a questionnaire dated November 5, 2015, completed by Plaintiff's treating physician Pamel G. Freeman, M.D., and her

assistant Alicia Frisby, PAC. On January 20, 2017, the Appeals Council denied Plaintiff's request for review and noted that the Appeals Council had

> Looked at the medical records from Pamela Freeman, MD, dated November 5, 2015 (3 pages). The Administrative Law Judge decided your case through October 22, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 22, 2015.

(Tr. 2).

Plaintiff argues that the evidence submitted to the Appeals Council was new because it was not considered by the ALJ when he rendered his decision and that it is material because it is an opinion from Plaintiff's treating rheumatologist regarding her functional limitations. (Doc. 18 p. 17). Plaintiff contends that Dr. Freeman and Ms. Frisby's opinion relates to the period on or before the date of the ALJ's decision as Dr. Freeman and Ms. Frisby opined that Plaintiff's limitations had existed since at least February 10, 2014, when they began treating her. (Doc. 18 p. 17). Plaintiff argues that there is a reasonable possibility that this new evidence would change the administrative decision and, thus, remand is necessary. (Doc. 18 p. 18).

Defendant argues that substantial evidence supports the ALJ's decision, and the new evidence submitted by Plaintiff does not render the ALJ's decision contrary to the weight of the evidence. (Doc. 18 p. 18). Defendant contends that the Appeals Council properly determined that the newly submitted evidence did not relate to the period of the ALJ's decision. (Tr. Doc. 18 p. 20). Finally, Defendant argues that even if the newly submitted evidence was chronologically relevant, it would not have changed the ALJ's decision, nor diminished the substantial evidence supporting his decision.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. "The Appeals Council must consider new, material evidence, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (citing 20 C.F.R. §§ 404.970(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *See Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In this case, the Court finds that Plaintiff has failed to show that the Appeals Council erred by finding that the opinion of Dr. Freeman and Ms. Frisby was not chronologically relevant, and thus, was not a basis for remand to the ALJ for further consideration. The final question on the questionnaire asked whether, in their Dr. Freeman and Ms. Frisby's opinions, "the above impairments and limitations existed since Ms. Franqui had to stop working on August 4, 2010." (Tr. 31). They responded, "She has only been our patient since 2-10-14. She has complained of issues long before seeing us . . . I have only seen her since 2-10-14. She reports being diagnosed with SLE + FMS since 2010." (Tr. 31).

Defendant contends that Dr. Freeman and Ms. Frisby reasonably interpreted the question to ask when Plaintiff's subjective reports began. (Doc. 18 p. 19). The Court will not speculate as to how Dr. Freeman and Ms. Frisby understood the question. What is ambiguous is the fact that Dr. Freeman and Ms. Frisby's response did not specify the time period for which their opinions applied, let alone state that they existed before the date of the questionnaire. For this reason, the

Court cannot find that the Appeals Council erred by finding that the opinions of Dr. Freeman and Ms. Frisby were not chronologically relevant. As the newly submitted evidence was not chronologically relevant, the Court defers from addressing the issue of whether the evidence was material.

**b) Whether the ALJ erred by failing to apply the correct legal standards to the opinion of treating physician Dr. Grunbaum.**

The record shows that on September 19, 2011, Dr. Grunbaum wrote a letter confirming that he was treating Plaintiff for SLE and fibromyalgia. (Tr. 762). Dr. Grunbaum noted that Plaintiff's

> Symptoms have been severe in onset with a chronic duration that has been significant to the point where she has been unable to hold down any vocational activity since August of 2010. At this time it is inconceivable that she will be able to be gainfully employed in the foreseeable future due to the severity of the above medical illnesses.

(Tr. 762). In his decision, the ALJ addressed Dr. Grunbaum's opinion as follows:

> As for the opinion evidence, the undersigned considered the statement submitted by Dr. Grunbaum, the claimant's then treating rheumatologist. Dr. Grunbaum stated that it is inconceivable that the claimant will be able to be gainfully employed in the foreseeable future due to the severity of her fibromyalgia and SLE (Exhibit 19F). Generally, more weight is afforded to the opinion of at treating source as the treating source is most often in the best position to provide a detailed, longitudinal picture of the claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings or one time examinations (20 CFR 404.1527). If a treating source's medical opinion is well-supported and consistent with the other substantial evidence in the case record, it must be given controlling weight. (20 CFR 404.1527 and SSR 96-2p) When a treating source opinion is not afforded controlling weight, the following factors will be considered: the length of the treatment relationship and the frequency of treatment, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion, any relevant specialty of the treating source, and other relevant factors (20 CFR 404.1527). The undersigned assigned little weight to Dr. Grunbaum's statement. It is unclear if the author is familiar with the Social Security

> Administration's disability evaluation program or the evidence of record. Moreover, the doctor's statement indicating that "it is inconceivable that she will be able to be gainfully employed" is not a medical opinion, but rather an administrative finding dispositive of a case. This issue is reserved to the Commissioner of Social Security, and as such it is not entitled to any special significant weight (20 CFR 404.1527€(1)(3)). Furthermore, the statement is inconsistent with recent treating notes that rate her pain at 1.5 indicate that she "has been doing well" (Exhibit 20F/2-4). The notes do document some recent fibromyalgia flares due to family and social stressors, but the frequency, intensity, and duration of such flares are not documented or explained by objective medical techniques. Additionally, medical records from Richard E. Brandsdorf, M.D. dated April 11, 2014 indicate that her SLE is in remission (Exhibit 18F/16).

(Tr. 19).

Plaintiff argues that the ALJ's reasons for rejecting Dr. Grunbaum's opinion are not supported by substantial evidence or based on correct legal standards. (Doc. 18 p. 22). Plaintiff contends that it was erroneous for the ALJ to reject Dr. Grunbaum's opinion on the basis that it was not clear whether Dr. Grunbaum was familiar with the SSA's disability evaluation program. (Doc. 18 p. 23). Plaintiff argues that he ALJ should have recontacted Dr. Grunbaum if he was unclear as to the basis of the opinion. (Doc. 18 p. 23). Further, Plaintiff contends that Dr. Grunbaum's opinion relates to the severity of Plaintiff's symptoms and was thus a medical opinion. (Doc. 18 p. 23-24). Thus, Plaintiff argues, the ALJ was wrong to reject Dr. Grunbaum's opinion on the basis that it was not a medical opinion, but an opinion on an issue reserved for the Commissioner. (Doc. 18 p. 24). Finally, Plaintiff argues that the ALJ improperly rejected the opinion on the basis that it was inconsistent with the treating notes. (Doc. 18 p. 25). Plaintiff argues that the finding that Plaintiff was doing well was not supported by substantial evidence. (Doc. 18 p. 25).

In response, Defendant argues that the ALJ properly determined that Dr. Grunbaum's opinion was not a medical opinion but an opinion within the scope of issues reserved for the ALJ's

determination. (Doc. 18 p. 26). Further, Defendant argues that even if the opinion was did not pertain to an issue reserved for the Commissioner, the ALJ provided good cause for giving the opinion little weight.

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Here, the Court finds no error in the ALJ's decision to accord little weight to Dr. Grunbaum's opinion. The issue of whether a claimant is unable to work is reserved for the ALJ's determination. *See* 20 C.F.R. § 404.1527(d)(2),(3). An ALJ will consider a medical source's opinion on such an issue, but "will not give [it] any special significance." 20 C.F.R. § 404.1527(d)(2), (3). Thus, the ALJ did not err by finding that Dr. Grunbaum's opinion that "it is inconceivable that [Plaintiff] will be gainfully employed in the foreseeable future due to the severity of the above medical illnesses" is not a medical opinion, but an opinion on an issue reserved for the Commissioner.

The Court rejects Plaintiff's argument that the ALJ improperly rejected Dr. Grunbaum's opinion on the basis that "it is unclear if the author is familiar with the Social Security Administration's disability evaluation program or the evidence of record," as these reasons seem well founded. Dr. Grunbaum opined that Plaintiff's has been unable to "hold down any vocational activity" and that "it is inconceivable that she will be gainfully employed in the foreseeable future." (Tr. 762). Dr. Grunbaum's opinions pertain directly to Plaintiff's ability to work and, thus, Dr. Grunbaum's familiarity with the regulations dictating whether a claimant is unable to work within the meaning of the SSA is a relevant factor for the ALJ to weigh in considering the opinions. Further, the ALJ did not err by questioning Dr. Grunbaum's familiarity of the record given that Dr. Grunbaum's opinion provides no explanation of the medical findings upon which it was based.

**c) Whether the ALJ erred by failing to apply the correct legal standards to Plaintiff's testimony regarding her limitations.**

Plaintiff argues that the ALJ erred by failing to discuss even a single reason why he found Plaintiff's testimony not credible. (Doc. 18 p. 29). Plaintiff argues that rather than evaluate Plaintiff's testimony by the factors set forth in the applicable regulations, the ALJ merely

summarized the medical evidence of record. (Doc. 19 p. 29-30). In response, Defendant argues that the ALJ's decision demonstrates that the ALJ properly considered the record as a whole and that substantial evidence supports his analysis of Plaintiff's subjective complaints. (Doc. 18 p. 30-32).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In his decision, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's symptoms concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 17).

In this case, the Court finds that the ALJ's discussion and analysis of the medical record provides substantial evidence for his credibility finding. As Defendant notes, the ALJ discussed Plaintiff's treatment records in detail including, for example, that there was no record of treatment or therapy for her spine disorder since her April 2014 surgery and her SLE was in remission. (Tr. 18-19, 756). The ALJ explained that though Plaintiff alleged she could not hold objects, examination findings note full upper extremity strength, including her grip. (Tr. 18, 39, 527, 529, 537-538, 756, 765). While Plaintiff attested to headaches three times a week and migraines once a month, the ALJ noted she complained of headaches at an emergency room visit, but imaging studies were normal and there was no other treatment for headaches. (Tr. 18, 42-43, 593-594). The ALJ acknowledged that Plaintiff's fibromyalgia has progressed over the years and considered this condition in finding that Plaintiff had an RFC below the full range of sedentary work. (Tr. 18, 21).

In determining whether an ALJ properly evaluated a claimant's testimony, the question is not whether an ALJ could have reasonably credited the testimony, but whether the ALJ was clearly wrong to discredit it. *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ's discussion of the medical evidence and opinions provides substantial evidence for his finding that Plaintiff's complaints were not entirely credible.

**III.    Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties